IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA IRWIN, | : | No. 3:24cv1489 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| PROGRESSIVE INSURANCE COMPANY a/k/a PROGRESSIVE ADVANCED INSURANCE COMPANY, | : | |
| Defendant | : | |

............................................................................................................

**MEMORANDUM**

Before the court for disposition is Defendant Progressive Insurance Company a/k/a Progressive Advanced Insurance Company's motion to dismiss the insurance bad faith claim from Plaintiff Patricia Irwin's complaint. The motion is ripe for a decision.

**Background**

This matter arises out of a dispute regarding plaintiff's claim for underinsured motorist ("UIM") benefits. Progressive insured plaintiff pursuant to an automobile insurance policy. (Doc. 1, Compl. ¶ 1).[1] On July 20, 2022, plaintiff

---

[1] These background facts are derived from plaintiff's complaint. At this stage of the proceedings, the court must accept all factual allegations as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted). The court makes no determination, however, as to the ultimate veracity of these assertions.

was involved in an automobile accident. (Id. ¶ 4). As a result of the accident, plaintiff sustained multiple injuries, including a left ankle dislocation, oral injuries, and injuries to her right hand. (Id. ¶¶ 6, 7; Doc. 1-3, Correspondence ECF p. 6).[2] Another driver caused the accident, but that driver's insurance was insufficient to compensate plaintiff for her injuries. (Id. ¶ 5). Thereafter, plaintiff made a demand under her Progressive policy for UIM coverage limits, or $750,000.00. (Id. ¶¶ 4, 6, 7). Progressive, however, has not paid plaintiff the full limits of UIM coverage. (Id. ¶ 7).

Based upon these facts, plaintiff filed the instant two-count complaint. Count I asserts a cause of action for breach of the insurance contract. (Id. ¶¶ 8-9). Count II asserts a cause of action for insurance bad faith under 42 PA. CONS. STAT. § 8371. (Id. ¶¶ 10-11). Plaintiff seeks judgment against defendant in the amount of $750,000.00, together with interest, costs, punitive damages, and counsel fees. (Id. ¶¶ 9, 11).

Defendant has filed a motion to dismiss plaintiff's bad faith claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 4). The parties have briefed their respective positions, bringing the case to its present posture.

---

[2] Plaintiff attached, among other documents, correspondence between the parties to the complaint. (See Doc. 1-2, Doc. 1-3, ECF pp. 1-29). Under the law, courts may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when deciding a Rule 12(b) motion. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted).

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. Plaintiff is a citizen of Pennsylvania. (Doc. 1, Compl. ¶ 1). Plaintiff alleges that Progressive is a citizen of another state, either Iowa or Ohio. (Id. ¶ 2). Additionally, the amount in controversy exceeds $75,000. (Id. ¶ 3). See 28 U.S.C. § 1332 ("district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states[.]").

As a federal court sitting in diversity, the court applies state substantive law. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). Pennsylvania law applies in this case.

**Legal Standard**

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. To survive a motion to dismiss, "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Doe v. Princeton Univ., 30 F.4th 335, 341–42 (3d Cir. 2022) (quoting FED. R. CIV. P. 8(a)(2)). This means a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual

content is pled which allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

The court evaluates motions to dismiss using a three-step process. The first step involves identifying the elements of each claim. Oldham v. Pennsylvania State Univ., 138 F.4th 731, 743 (3d Cir. 2025) (citation omitted). The second step involves reviewing the operative pleading and disregarding any formulaic recitation of the elements of a claim or other legal conclusion, as well as allegations that are so threadbare or speculative that they fail to cross the line between the conclusory and factual. See Lutz v. Portfolio Recovery Assocs., LLC, 49 F.4th 323, 328 (3d Cir. 2022) (citations and quotation marks omitted). And third, the court evaluates the plausibility of the remaining allegations. Id. In evaluating plausibility of the plaintiff's allegations, the court accepts all factual allegations as true, construes the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. Id. (citations omitted).

**Analysis**

Count II of plaintiff's complaint asserts a claim for statutory bad faith under 42 PA. CONS. STAT. § 8371 ("Section 8371"). (Doc. 1, Compl. ¶¶ 10-11). Defendant moves to dismiss this claim.

Pennsylvania law allows an insured party to receive damages and other relief if the insurer acts in bad faith toward the insured party. See 42 PA. CONS. STAT. § 8371.[3] Section 8371 itself does not define bad faith. Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 372 (Pa. 2017). Courts have generally defined the term as " 'any frivolous or unfounded refusal to pay proceeds of a policy.' " Id. at 373 (quoting Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

To recover under Section 8371, "the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly

---

[3] Section 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 PA. CONS. STAT. § 8371.

5

disregarded its lack of a reasonable basis." Id. at 365 (adopting the test set forth in Terletsky, 649 A.2d at 688).

Under the first prong adopted in Rancosky, the question of "whether the insurer had a reasonable basis for denying benefits is an objective inquiry into whether a reasonable insurer would have denied payment of the claim under the facts and circumstances presented." Id. at 374.

Under the second prong, "proof of the insurer's knowledge or reckless disregard for its lack of reasonable basis in denying the claim is sufficient for demonstrating bad faith[,]" and evidence of "the insurer's subjective motive of self-interest or ill-will, while perhaps probative of the second prong of the above test, is not a necessary prerequisite to succeeding in a bad faith claim." Id. at 377. Additionally, "[c]laims of bad faith are fact specific and depend on the conduct of the insurer toward its insured." Wenk v. State Farm Fire & Cas. Co., 228 A.3d 540, 547 (Pa. Super. Ct. 2020) (further citation omitted).

Defendant moves to dismiss plaintiff's Section 8371 claim on the basis that it lacks factual support. (Doc. 5, Def. Br. in Supp. ECF p. 9). According to Progressive, even when viewed in the light most favorable to plaintiff, the allegations in the complaint assert nothing more than a contractual claim for insurance benefits. (Id.)

6

On its face, Irwin's complaint, accompanied by attachments, fails to allege a legally sufficient cause of action for bad faith under Section 8371. Rather, the complaint consists of conclusory statements unsupported by facts, such as: "Defendant has, in bad faith, failed to evaluate, value and tender its limits of $750,000.00, the amount to fully compensate the Plaintiff, and thus is in bad faith pursuant to 42 Pa. C.S. § 8371, for which Plaintiff seeks additional interest, punitive damages, costs and attorney's fees." (Doc. 1, Compl. ¶ 11). Plaintiff provides no additional facts or details to otherwise explain how Progressive's refusal to tender the policy limits constitutes bad faith. Thus, plaintiff's bad faith claim is subject to dismissal.[4]

In opposition to the motion to dismiss, plaintiff cites to Meiser v. State Farm Fire & Cas. Co., 2018 WL 4680055, at *3 (M.D. Pa. Sept. 28, 2018) (Mannion J.) and Pivtchev v. State Farm Mut. Auto Ins. Co., 2019 WL 2743844, at *3 (M.D. Pa. July 1, 2019) (Munley, J.). (Doc. 7, Br. in Opp. ECF p. 4). Neither case is persuasive here.

---

[4] Plaintiff cannot circumvent the pleading threshold set forth by Twombly and its progeny merely by attaching documents to the complaint. The complaint includes as attachments: (1) correspondence between the parties; (2) a report from plaintiff's hand surgeon; (3) photographs of plaintiff's vehicle following the accident; (4) photographs of plaintiff's bodily injuries; and (5) a report of plaintiff's economic damages resulting from the automobile accident. (Doc. 1-2; Doc. 1-3, ECF pp. 1-29). Absent additional factual allegations, these attachments merely evidence a dispute over the amount of the settlement of plaintiff's UIM claim, not a plausible cause of action for bad faith.

In Meiser, plaintiff alleged that the insurer "engaged in bad faith by listing 12 specific actions" in the complaint. 2018 WL 4680055, at *3. Plaintiff's allegations of bad faith in Meiser included defendant's unreasonable refusal to pay benefits, misrepresentation of pertinent facts of the policy provisions regarding coverage, and unreasonable failure to reinvestigate and reevaluate plaintiff's damages. Id. at *3-4. Although the court denied defendant's motion to dismiss the bad faith claim, the court also cautioned that there is "[n]o doubt that courts will dismiss bad faith claims which rely upon only a list of conclusory allegations." Id. at *3 (citing Smith v. State Farm Mut. Auto. Ins. Co., 506 Fed. App'x. 133, 136-37 (3d Cir. 2012)).

Similarly, in Pivtchev, plaintiff's claim of bad faith withstood defendant's motion to dismiss where plaintiff specifically alleged that defendant acted in bad faith when:

> [D]efendant failed to effectuate a prompt fair and equitable settlement of plaintiff's claim . . . defendant ignored and discounted the severity of plaintiff's injuries . . . defendant did not promptly evaluate the claim, but rather engaged in dilatory and abusive claims handling by delaying the valuation of plaintiff's claim and failing to pay the claim . . . defendant failed to timely investigate or to make a reasonable settlement offer . . . Defendant further delayed by asking for authorization to receive medical records which were already in its possession.

2019 WL 2743844, at *3.

While not supportive of plaintiff's position, Meiser and Pivtchev illustrate the distinction between a mere disagreement over claim valuation and a viable claim of bad faith. As these cases make clear, the essence of a bad faith claim is not found in the submission of exhibits or the recitation of conclusory assertions, but in factual allegations. At most, plaintiff's allegations reflect "a disagreement over the amount of the settlement of [plaintiff's] UIM claim." Smith, 506 F. App'x at 137 (quoting Johnson v. Progressive Ins. Co., 987 A.2d 781, 785 (Pa. Super. Ct. 2009)). Disagreements over settlement valuations are "not unusual." Id. (quoting Johnson, 987 A.2d at 785). Furthermore, "bad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages. Rather, the insured must demonstrate that the insurer 'breached its duty of good faith through some motive of self-interest or ill-will.' " Johnson, 987 A.2d at 784 (citation omitted). Thus, Progressive's "failure to immediately accede to [plaintiff's] demand for the policy limit cannot, without more, amount to bad faith." Smith, 506 F. App'x at 137. Consequently, Progressive's motion to dismiss Irwin's bad faith claim in Count II of the complaint will be granted.

In her brief in opposition, plaintiff has requested leave to file an amended complaint should the court grant defendant's motion to dismiss. (Doc. 7, Br. in Opp. ECF p. 5). Based on the eleven paragraphs of the complaint, the court cannot conclude that amendment would be futile in this case. Therefore, plaintiff

may file a motion to amend with a proposed amended complaint in compliance with Local Rule 15.1. See M.D. PA. L.R. 15.1. Plaintiff is reminded, however, that if she elects to file a motion, the proposed amended complaint must set forth facts, not merely conclusory statements, to support her claim of bad faith. If plaintiff does not file the appropriate motion, her bad faith claim will be dismissed with prejudice and this case will proceed based on the breach of contract claim.

**Conclusion**

For the reasons set forth above, defendant's motion to dismiss, (Doc. 4), will be granted. The bad faith claim in Count II will be dismissed without prejudice subject to the plaintiff filing a motion to amend the complaint addressing the deficiencies raised in this memorandum, along with the proposed amended complaint in conformity with Local Rule 15.1. An appropriate order follows.

Date: 9/17/25

JUDGE JULIA K. MUNLEY
United States District Court